The President,
delivered the opinion of the Court:
That, though the bequest to the thirteen specific and siduary legatees, are directed to be paid successively, according to seniority, as the funds of the estate, applicable to that purpose, came in; yet, that it was the intention of the testator to put them on the footing of perfect equality, as to the value of their respective interests in his estate; and that, for the purpose of effecting that equality, the said legacies should carry interest from the death of the testator; and that if there should be a deficiency of estate to pay the full amount of the legacies, with interest as aforesaid, they should abate equally: that, to effect this equality, care should be taken, in making up the accounts, that the legatees who are necessarily postponed, in consequence of the situation of the funds of the estate, should receive as much principal and interest, finally, as those legatees who were first paid, by calculating interest from the death of the testator, to the period when the postponed legacies are paid; and, to this end, as the personal assets were more than sufficient to pay the debts, a separate account should have been taken of the administration of the personal estate, upon the principles settled by this Court, in the case of Granberry v. Granberry: that, as soon as the debts were paid, the balance of principal and interest of that account should have been struck, as of that date; and, after setting apart one-third thereof to Cordelia, the widow of the testator, the residue should have been considered as a fund in the hands of the executor, for the payment of legacies; to which fund should be added, the principal and interest of the rents of lands received, after setting apart one-third thereof as the widow’s portion; and also the proceeds of the sale of land, made by the executor, and received before that time, deducting therefrom his commission. To this fund, should also be added the balance of the debt due from Edmund Nichols, after do *416 ducting therefrom one-third part for the widow and the executor’s commission; and also the instalments, coming due after that date, of the debt of Jacob Nicholas, whether or not, should be added; deducting therefrom the executor’s commission, and carrying into the statement of the fund for the payment of the legacies, each of such instalments, at such a discount, that each instalment, when due, will pay the principal thus carried into that fund, with interest thereon from that date, until such instalment became, or shall become due: that this aggregate fund should be divided into thirteen equal parts; one of which should be retained by the representatives of the said Lewis, in right of his wife; one should be passed to the credit of Harris and wife, against which should be charged the payments, with interest thereon, made by Lewis, the executor, to Harris; and, if such payments, with interest, should fall short of such credit, the balance should be decreed to them; or, if they exceed such credit, Harris should be decreed to refund to the representatives of the said Lewis; one other part should be placed to the credit of Browne and wife, subject to the effect of payments made to him, in like manner; one other should be placed to the credit of Francis A. Hite, subject to the effect of payments made to him, in like manner; and another part should remain in the hands of the representatives of said Lewis, for the use of John White. The amount retained, and payments made, by the executor Lewis, or his representatives, ought to be considered as first applicable to the satisfaction'of the interest due by him on the real and personal fund, up to the time that a balance should be struck of the administration of the personal estate, as aforesaid; and the residue of the aggregate fund will be equivalent to the principal money, applicable as of that day to the satisfaction of the legacies. So that the representatives of Lewis should be decreed to pay one of the said thirteen equal parts, with interest thereon, from the day the balance of the administration account of the per *417 sona'i estate shall be struck, until payment; to each of the remaining eight legatees, in succession, according to seniority, out of the funds already received, as far as they will extend, and out of the funds thereafter to be received, as fast as they come to hand. And the representatives of the said Le.wis should be decreed to pay to the testator’s widow, one-third of the balance of the principal and interest of the administration of the personal estate, and one-third of Edmund Nichols’s debt and interest, if received; and, if not received, when received, and the rents of the lands, received as aforesaid; she and the legatees giving refunding bonds as the law directs. And liberty should be reserved to the parties, to apply, as occasion may require, to the Court, to correct any irregularity which may possibly arise from the failure to collect any outstanding funds, and to enforce the decree.
The Court is further of opinion, that the decree is erroneous in directing the executor to pay, at fixed future periods, several sums of money, whether the same should then have come to his hands or not; and that it was not competent to the adult plaintiffs, or the guardians of the infant plaintiffs, to waive the rights of the latter, to a full and equal proportion of the estate, and to throw on them more than an equal proportion of the deficiency of the funds, for the payment of the legacies.
It is, therefore, decreed and ordered, that the decree aforesaid be reversed and annulled; and that the appellees John Effinger, Isaac Hite, and Abraham Hite, do pay to the appellants their costs by them in this behalf expended; and that the cause be remanded for further proceedings to be had therein, according to the principles of this decree. But, this decree is without prejudice to any suit Cordelia Hite, the widow, may be advised to bring, or any claim she may have against her children, or any of them, for maintenance and tuition.